IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIE LEWIS HENRY, JR.                                                              PLAINTIFF

vs.                                                        CIVIL ACTION NO.: 4:13cv5-GHD-DAS

CHRISTOPHER EPPS, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Willie Lewis Henry, Jr., Mississippi prisoner #N4014, filed this pro se § 1983 complaint in the Southern District of Mississippi against Defendants Christopher Epps, Emmitt Sparkman, Ernest Lee, and Carolyn Walker. Because the incidents alleged in the complaint occurred at the Mississippi State Penitentiary, located in the Northern District of Mississippi, Plaintiff's suit was transferred to this Court. Having afforded the complaint liberal construction, the Court finds that it should be dismissed, for the following reasons.

### Background Facts and Plaintiff's Allegations

Plaintiff maintains that on April 8, 2012, he was subjected to an urinalysis drug test and tested positive for THC (marijuana). Because he disputed the results, Plaintiff asked that the urine sample be sent to the lab for confirmation. His request was denied, and he received a rule violation report ("RVR") as a result of the positive drug test. At a disciplinary hearing, he was found guilty of the RVR and temporarily lost some of his visitation and commissary privileges. Plaintiff contends that he has never smoked marijuana, and that Defendants know that the testing cups sometimes give false positive results. Asserting a violation of his due process rights, Plaintiff requests that the Court order Defendants to verify his urinalysis results in a lab, and that the RVR associated with this event be removed from his inmate file. He also requests

1

compensatory and punitive damages.

## Screening Standards

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983, which provides for a federal cause of action against state actors who deprive an individual of his rights under the Constitution or laws of the United States. *See, e.g., Filarsky v. Delia*, ___ U.S. ___, 132 S. Ct. 1657, 1661 (2012). In this case, Plaintiff maintains that Defendants deprived him of his due process protections by failing to send his urine sample to the lab for a complete analysis, particularly since the test used by the prison officials cannot distinguish between illicit drugs and

2

prescription medication. He additionally claims that the loss of privileges he experienced as a result of the RVR violated his due process protections.

A protected liberty interest must be at issue for the protections of the Due Process Clause to be implicated. In a prison context, such interests are "limited to freedom from restraint which. . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). These protections do not extend to every adverse or unpleasant condition experienced by an inmate. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Plaintiff claims that, as a result of the RVR he received, he was denied visitation and commissary privileges, along with the "opportunity to earn additional time" off of his sentence. (*See* Compl. at 6). These restrictions, imposed as a result of a disciplinary infraction, are insufficient to implicate due process concerns. *See id.* at 767-68; (finding prisoner's 30 day commissary and cell restrictions failed to implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (finding loss of opportunity to earn good time credits does not implicate due process); *Clarke v. Stalder*, 103 F.3d 126 (5th Cir. 1996) (rejecting claim that placement in administrative segregation and assignment to a working cell block as a result of failed drug test violates due process); *see also Scott v. Frazer*, 2012 WL 715254 (S.D. Miss. March 5, 2012) (dismissing as frivolous the plaintiff's claim that her RVR and resulting 90 day loss of privileges after testing positive for methamphetamine violated due process, despite her claim that her medications and/or storage of the tests resulted in a false positive); *Braxton v. Gusman*, 2011 WL 802622 (E.D. La. Feb. 7, 2011) (finding loss of position as prison orderly and transfer to another section of the prison as a result of false allegations of positive drug test insufficient to implicate due process).

Additionally, the Court notes that Plaintiff states in his complaint that his drug test results were positive and that he was found guilty of the RVR after a disciplinary hearing. Prison authorities provided Plaintiff with an opportunity to be heard, and the positive results of the drug test support a finding that he was guilty. *See, e.g., Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board[.]"). Plaintiff has no due process right to have a second urinalysis test performed. *See, e.g., Henson v. U.S. Bureau of Prisons*, 312 F.3d 897, 899 (5th Cir. 2000) (finding that prisoners have no right to have urine samples independently retested); *Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir. 1990) (finding uncorroborated drug test admissible in prison disciplinary hearing to uphold finding of guilt). Therefore, the Court finds that Plaintiff seeks to assert a legally nonexistent interest in this action, and his compliant should be dismissed.

**Conclusion**

Inasmuch as Plaintiff's allegations do not assert a cognizable constitutional deprivation, his complaint is frivolous and/or fails to state a claim upon which relief may be granted. Therefore, the instant action is **DISMISSED WITH PREJUDICE**. Any pending motions are dismissed as moot. A final judgment in accordance with this Memorandum Opinion and Order will be entered today.

SO ORDERED this the 22nd day of January, 2013.

**SENIOR U.S. DISTRICT JUDGE**